UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTEX BIO-PHOTONICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>L'OREAL USA, INC.,<br><br>Defendant. | Case No. 24-cv-07919-JCS<br><br>**PATENT CASE MANAGEMENT AND PRETRIAL ORDER (JURY)** |

Following the Case Management Conference held on March 5, 2025, IT IS HEREBY ORDERED THAT:

Except as modified by this Order, the Court adopts the dates in the Joint Case Management Statement, ECF Dkt. No. 31.

The last day to seek leave to amend pleadings is July 11, 2025. No new parties may be added without leave of Court. Any such motion for leave shall be filed on or before **July 11, 2025**.

A further Case Management Conference is set for **July 9, 2025**, at **2:00 p.m.**, before Magistrate Judge Spero, https://cand.uscourts.gov/judges/spero-joseph-c-jcs/ Zoom Webinar ID 161 926 0804 Password: 050855. An updated Joint Case Management Conference Statement is due **July 2, 2025**.

IT IS HEREBY FURTHER ORDERED THAT:

I. **CLAIM CONSTRUCTION**

Counsel shall comply with the following schedule with respect to the Claim Construction:

A   Last day for exchange of initial document demands pursuant to Pat. L.R. 3-2: **April 4, 2025**.

B. Last day for Plaintiff to serve Disclosures of Asserted Claims and Infringement Contentions pursuant to Pat L.R. 3-1: **April 4, 2025**.

C. Last day for Defendant to serve Invalidity Contentions pursuant to Pat. L.R. 3-3: **May 19, 2025**.

D. Last day for and Document Production Accompanying Invalidity Contentions pursuant to Pat L.R. 3-4: **May 19, 2025**.

E. Advice of counsel pursuant to Pat L.R. 3-7: Thirty (30) days after Claim Construction Order.

F. Damages Contentions pursuant to Pat. L.R. 3-8: Fifty (50) days after service of Invalidity Contentions. **July 8, 2025**

G. Responsive Damages Contentions pursuant to Pat. L.R. 3-9: Thirty (30) days after service of Damages Contentions. **August 7, 2025**

H. Exchange of Proposed Terms for Construction pursuant to Pat L.R. 4-1(a): **June 2, 2025**.

I. Last day to meet and confer regarding the Proposed Terms and Claim Elements for Construction pursuant to Pat. L.R. 4-1(b): **June 9, 2025**

J. Exchange of Preliminary Claim Constructions and Extrinsic Evidence pursuant to Pat. L.R. 4-2(a) and 4-2(b): **June 23, 2025**

K. Last day to meet and confer regarding the Joint Claim Construction and Pre-hearing Statement pursuant to Pat. L.R. 4-2(c): **July 11, 2025**

L. Joint Claim Construction and Pre-hearing Statement pursuant to Pat. L.R. 4-3: **July 18, 2025**. Absent good cause shown, no more than ten (10) terms will be construed at the Claim Construction hearing.

M. Exchange Opening Claim Construction Expert Reports: **July 18, 2025**.

N. Exchange Reply Claim Construction Expert Reports: **July 25, 2025**.

    O.    Completion of Claim Construction Discovery pursuant to Pat. L.R. 4-4: **August 18, 2025**.

    P.    Opening Claim Construction Briefs by Plaintiff pursuant to Pat. L.R. 4-5(a): **September 2, 2025**.

    Q.    Responding Claim Construction Briefs by Defendant pursuant to Pat. L.R. 4-5(b): **September 16, 2025**.

    R.    Reply Claim Construction Briefs by Plaintiff pursuant to Pat. L.R. 4-5(c): **September 23, 2025**.

    S.    Technology Tutorial is set for **October 29, 2025, at 9:30 a.m. Courtroom D, 15th Floor, San Francisco.**

    T.    The Claim Construction hearing pursuant to Pat. L.R 4-6: **October 29, 2025**, at **9:30 a.m**.

## II. POST CLAIM CONSTRUCTION DISCOVERY, MOTIONS, AND TRIAL

### TRIAL DATE

Trial date and length of trial to be determined at a later date.

### DISCOVERY

A. All non-expert discovery shall be completed by 12 weeks after the Claim Construction Order.

B. All expert disclosures required by the Federal Rules of Civil Procedure shall be made by 16 weeks after the Claim Construction Order, by the party that bears burden of proof on a claim or defense. Expert rebuttal disclosures by the party that does not bear the burden of proof on an issue shall be made by 20 weeks after the Claim Construction Order.

C. All discovery from experts shall be completed by 24 weeks after Claim Construction Order.

D. In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business

days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

**MOTIONS**

Each party may file one *Daubert* motion, addressing any number of expert witnesses, to be heard at the same time as dispositive motions. All dispositive motions and *Daubert* motions shall be heard 38 weeks after the Claim Construction Order, on the Court's regular law and motion calendar, https://cand.uscourts.gov/judges/spero-joseph-c-jcs/ Zoom Webinar ID 161 926 0804 Password: 050855 Any reply papers on such motions shall be served and filed no later than **four (4) weeks** prior to the scheduled hearing date. The parties shall meet and confer and file a stipulation and proposed order as to the remainder of the briefing schedule.

No party may file more than one (1) summary judgment motion without leave of Court.

### III.  PRETRIAL CONFERENCE

The pretrial conference will be held in Courtroom D, 15th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California. The date of the pretrial conference will be determined at a later date. Each party shall attend by lead trial counsel.

### IV.  TRIAL PROCEDURES

A.  Counsel shall not prepare a Joint Pretrial Conference Statement. Instead, thirty (30) calendar days in advance of the Final Pretrial Conference, please do the following:

1.  In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, prepare and file a jointly signed Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a list of all factual issues that remain to be tried, stating the

4

issues with the same generality/specificity as any contested elements in the relevant jury instructions and organized by counts; (e) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (f) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for the direct examination (only). Items (e) and (f) should be appendices to the proposed order. The proposed order should also state which issues, if any, are for the Court to decide, rather than the jury. The objective is to convert the proposed order to a final order with the benefit of any discussion at the Final Pretrial Conference.

2. File a joint set of proposed instructions on substantive issues of law arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated Instruction No. __ Re __," with the blanks filled in as appropriate. Disputed instructions shall be identified as "Disputed Instruction No. __ Re __." Where the parties offer competing versions of a disputed instruction, both versions shall be inserted together, back to back, in their logical place in the overall sequence. All disputed versions of the same basic instruction shall bear the same number. For all disputed instructions, regardless of whether the parties offer competing versions of a disputed instruction on a particular subject is offered by only one party, each party shall provide a brief explanation of its position, with citations to relevant authority. These explanations should be inserted in the joint jury instructions on the page(s) immediately following the

disputed instructions(s). Even if stipulated, an instruction shall be supported by citation to relevant authority and/or identifying the source of the proposed instruction in the case of form instructions. Any modification to a form instruction should be plainly identified. With respect to form preliminary instructions, general instructions, or concluding instructions, the parties should use the Ninth Circuit Model Jury Instructions when available. As to those instructions, the parties may simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties need not include preliminary, general, or concluding instructions in the packet.

3. File a joint set of proposed voir dire questions supplemented as necessary by separate requests for good cause only.

4. Any motions in limine shall be submitted as follows: at least thirty (30) calendar days before the conference, the moving party shall serve, but not file, the opening brief. The responding party shall serve the opposition, ensuring that it is delivered to the moving party no later than noon Pacific Time at least twenty (20) calendar days before the conference. There will be no reply. When the oppositions are received, the moving party should collate the motion and the opposition together, back-to-back, and then file the paired sets at least twenty (20) calendar days before the conference. Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Please limit motions in limine to circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required for more or longer motions.

5. File trial briefs on any controlling issues of law.

6. File proposed verdict forms, joint or separate.

B. Not less than ten (10) days before the Pretrial Conference, counsel or the parties shall file and serve any objections to exhibits.

C. Exhibits and witnesses not included in the Proposed Joint Pretrial Order pursuant to Paragraph VII.A. may not be used in a party's case-in-chief. Defense witnesses are not rebuttal witnesses. Objections not raised pursuant to Paragraph VII.B. are waived.

D. Two Chambers' copies of the aforementioned documents shall be delivered to Chambers at the time of filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form shall be submitted via e-mail as attachments, in MS Word, to Judge Spero's Law Clerk Melissa_Dawson@cand.uscourts.gov , and to Judge Spero's Courtroom Deputy Karen_Hom@cand.uscourts.gov. Hard copies must be provided as well. All hard-copy submissions should be three-hole-punched.

E. At the Final Pretrial Conference, the above submissions shall be considered and argued. The parties shall submit a joint summary of all rulings in proposed order format.

### PRETRIAL ARRANGEMENTS

F. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at (415) 522-2079, or Kristen_Melen@cand.uscourts.gov, at least fourteen (14) calendar days prior to the trial date.

G. During trial, counsel may wish to use overhead projectors, computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court has an AV cart that can be made available to counsel. If the parties are interested in using the Court's AV cart, they should contact the deputy clerk one (1) week prior to the final pretrial conference to inquire about availability. The AV cart can't be reserved until the day of the final pretrial conference. Once the AV cart has been reserved, the deputy clerk will make arrangements with counsel for training on the AV cart. If the AV cart is not available, the Court can only provide an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape

1  extension cords to the carpet for safety. The parties may work with the deputy clerk, Karen Hom
2  (415) 522-2035, on all courtroom-layout issues.

## SCHEDULING

H. Trial will be conducted from 8:30 a.m. to 2:30 p.m. (or slightly longer to finish a witness) with one fifteen-minute break and one forty-five (45) minute lunch break, Monday through Thursday, excluding holidays. Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence of the jury. The jury will be called at 8:30 a.m. Jury deliberations will be allowed on Fridays.

## THE JURY

I. No later than on the first day of trial, counsel shall jointly submit a simplified Statement of the Case to be read to the jury during voir dire as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page. The Court will usually conduct the voir dire.

J. In civil cases, there are no alternate jurors and the jury is selected as follows: Twenty jurors are called to fill the jury box and the row in front of the bar, and are given numbers (1 through 20). The remaining potential jurors will be seated in the public benches. Hardship excuses will usually be considered at this point. The Court will then ask questions of those in the box and in the front of the bar. Counsel may then conduct a limited voir dire. Challenges for cause will then be addressed out of the presence of the potential jurors. The Court will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked of the additions and cause motions as to them will be considered. After a short recess, each side may exercise its allotment of peremptory challenges out of the presence of the potential jurors. The eight (or such other size as will constitute the jury) surviving the challenge process with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5, and 7 and the defendant strikes 2, 4, and 9, then 3, 6, 8, 10, 11, 12, 13, and 14 become the final jury. If more (or fewer) than eight jurors are to be seated, then the starting number will be adjusted. So too if more than a total of six peremptories is allowed. Once the jury selection is completed, the jurors' names will be read

again and they will be seated in the jury box and sworn. The Court may alter the procedure in its discretion.

K. Jurors may take notes. Note pads will be distributed at the beginning of each trial. The note pads will be collected at the end of each day and locked in the jury room. Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

## OPENING STATEMENTS

L. Each side will have a predetermined time limit for its opening statement (usually no more than 45 minutes per side). Counsel must cooperate and meet and confer to exchange any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions. Opening statements will commence as soon as the jury is sworn.

## WITNESSES

M. At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notices shall be provided in writing.

N. The parties and counsel shall have all upcoming witnesses ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

O. Counsel shall prepare two (2) sets of witness binders with the exhibits they plan to use with that witness. The second set will be given to the Court on the day the witness testifies.

P. When there are multiple parties, counsel are responsible for coordination of the cross-examination to avoid duplication.

Q. If there are multiple parties on a side, counsel for only one party may cover a subject matter; reiteration of the examination, whether direct or cross, will not be permitted.

## EXPERTS

R. At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts, and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (i.e., through the "back door").

S. As to damages studies, the cut-off date for past damages will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project future damages (i.e., after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

## USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS

T. Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a party deponent, "for any purpose." The parties shall abide by the following procedure:

1. On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination. This will minimize delay between the original question and the read-ins of the impeaching material. Opposing counsel should have their copy immediately available.

2. When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210,

lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

3. The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it was a Federal Rule of Civil Procedure 30(b)(6) deposition. The first time a deposition is read, the Court will give an appropriate explanation to the jury about depositions. Do not embellish with follow-on questions.

4. When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the jury and the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on. Opposing counsel may then immediately ask to read such additional testimony as is necessary to complete the context.

5. To avoid mischaracterizing the record, counsel should not ask, "Didn't you say XYZ in your deposition?" It is unnecessary to ask a witness if he "recalls" the testimony or otherwise to lay a foundation.

6. Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict trial testimony (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**DEPOSITION DESIGNATION**

U. The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read into the record while they are on the stand.

1. To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and then each page containing any testimony to be proffered, with lines through portions of such pages not proffered. In addition, counsel shall line through objections or colloquy unless they are needed to understand the question. Any corrections must be interlineated, and references to

exhibit numbers must conform to the trial numbers. Such interlineations should be done by hand. The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired. The packet must be provided to all other parties at least twenty (20) calendar days before the Pretrial Conference. For the rare case of voluminous designations, more lead time will be required. Counsel are advised to be reasonable.

2. All other parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert into the packet the additional passages as needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions shall be highlighted in blue and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out or x-out any irrelevant portions of the additional pages.

3. The packets, as adjusted, must then be returned to the proffering party, for consideration of whether to accept the adjustments. Next, counsel shall meet and confer. Counsel for the proffering party must collate and assemble a final packet that covers the proffer and all remaining issues. At least ten (10) calendar days before the Pretrial Conference, the proponent must provide the Court with the final packet, with any objected-to portions highlighted and annotated as described above. If exhibits are needed to resolve the objections, counsel should include copies, with the relevant passages highlighted and tagged. The Court will then read the packet and indicate its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

4. Counter-designations must be made by providing a packet with the counter-designated passages to the proponent at the same time any objections to the

original proffer are returned to the first proffering party, who must then supply its objections in the same manner.

5. When the packet is read to the jury, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition the reader and "witness" shall refrain from undue emoting, emphasis or other dramatization.

6. When a video deposition is to be played the video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

## REQUESTS FOR ADMISSIONS AND INTERROGATORIES

V. Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

## EXHIBITS

W. Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

X. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines. If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. \_\_\_\_\_," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers). The jury should always hear any given exhibit referred to by its unique number. There should be no competing versions of the same exhibit number; any

discrepancies must be brought to the Court's attention promptly.

Y. Exhibits must be labeled in the lower right-hand corner with the exhibit number in a prominent, **bold typeface.** If an exhibit is a photograph, the tag should be placed on the back. Example: **Trial Exhibit No._____.** Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original". Deposit the exhibits with the deputy clerk ten (10) days before the Pretrial Conference.

Z. Counsel must consult with each other and with the deputy clerk at the end of each trial y and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

AA. In addition to the official record exhibits, a single, joint set of bench binders containing a copy of the exhibits must be provided to the Court ten (10) days before the Pretrial Conference. Each exhibit must be separated with a label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits that are in the binders.

BB. Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (e.g., letter from A. B. Case to D. E. Frank, dated August 17, 1999). This list may go into the jury room to help the jury sort through exhibits in evidence.

CC. Exhibit notebooks for the jury will not be permitted without prior permission from the Court. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. It is permissible to highlight, circle or underscore in the enlargements as long as it is clear that it was not on the original.

**OBJECTIONS**

DD.     Counsel shall stand when making objections and shall not make speeches. Simply give the legal basis for your objection (e.g., "calls for speculation" or "objection, hearsay").

EE.     There can only be one lawyer per witness per party for all purposes, including objections. Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

FF.     Side bar conferences are discouraged.

GG.     To maximize jury time, counsel must alert the Court in advance of any problems that will require discussion outside the presence of the jury, so that the conference can be held before court begins or after the jury leaves for the day.

**STIPULATIONS**

HH.     You must read all stipulations to the jury in order for them to become a part of the record.

**TIME LIMITS**

II.     Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses must fit within your time limit. Opening and closing time limits shall be considered separately. The time taken at a side bar or on objections will still be charged to the examining party unless otherwise ordered.

**CHARGING CONFERENCE**

JJ.     As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair

15

opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

## JUROR QUESTIONNAIRE

The attached voir dire questionnaire shall be given to the potential jurors and copies of the responses will be made available to counsel at the beginning of voir dire.

IT IS SO ORDERED.

Dated: 3/14/2025

JOSEPH C. SPERO  
United States Magistrate Judge

CONFIDENTIAL JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom or on the side of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. City in which you reside: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Are you married or do you have a domestic partner?   Yes   No

7. Please list the occupation of your spouse or domestic partner: _____

8. If you are not married and do not have a domestic partner, are you (circle one, if applicable):   ( ) Single   ( ) Separated   ( ) Divorced   ( ) Widowed

9. If you have children, please list their ages and sex and, if they are employed, please give their occupations: _____

10. What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working.) _____

11. Who is (or was) your employer? _____

12. How long have you worked for this employer? _____

13. Please describe your education background: _____

    Highest grade completed: _____

    College and/or vocational schools you have attended: _____

    Major areas of study: _____

14. Have you ever had jury experience? _____ Number of times? _____

    If yes:  ( ) State/County Court _____  ( ) Federal Court _____

    When? _____ Was it a civil or criminal case? _____

    Did any of the juries reach a verdict?   Yes   No

Revised 5-9-18