United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIGHTEX BIO-PHOTONICS, LLC,
Plaintiff,

v.

L'OREAL USA, INC.,
Defendant.

Case No. 24-cv-07919-JCS

**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**

Re: Dkt. No. 52, 58

## I. INTRODUCTION

Defendant L'Oreal USA, Inc. ("L'Oreal") has filed a Motion to Stay Pending Inter Partes Review ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the July 16, 2025 motion hearing pursuant to Civil Local Rule 7-1(b) and the Case Management Conference set for July 9, 2025. A Status Conference will be held on December 10, 2025 at 2:00 p.m. The stipulation to change the motion hearing date is DENIED as moot. For the reasons stated below, the Motion is GRANTED.[1]

## II. BACKGROUND

Plaintiff Brightex Bio-Photonics, LLC ("Brightex") filed this case on November 12, 2024, accusing L'Oreal of infringing two patents, U.S. Patent No. 9,542,595 ("the '595 Patent") and U.S. Patent No. 9,842,358 ("the '358 Patent"). On January 24, 2025, L'Oreal filed a Motion to Dismiss the '358 Patent under Fed. R. Civ. P. 12(b)(6), which the Court granted on March 6, 2025. Dkt. nos. 25, 32. On March 27, 2025, Brightex asked the Court to enter a final judgment of dismissal of the '358 Patent infringement claims. Dkt. no. 37. The court granted that motion on

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

May 7, 2025 and Brightex then filed an appeal of the Court's judgment, which is currently pending at the Federal Circuit. Dkt. nos. 44, 48. Thus, only the '595 Patent is currently at issue in this case.

The Court has scheduled a Markman hearing for October 29, 2025. No trial date has been set. The parties have not engaged in any expert discovery, completed any damages contentions, or briefed the claim construction. Their Joint Claim Construction & Prehearing Statement is due on July 18, 2025. The parties have exchanged mandatory Patent Rule disclosures under Local Patent Rules 3-1, 3-2, 3-3, 3-4 and 4-1, and Initial Disclosures required under the Federal and Local Rules. On March 21, 2025, Brightex served its first sets of interrogatories and requests for production. Opposition Ex. C. On May 5, 2025, L'Oreal responded to the interrogatories. Communications between the parties about the sufficiency of L'Oreal's responses are ongoing. The parties have also negotiated a protective order, which the Court approved on June 12, 2025. Dkt. no. 54. Following entry of the protective order, the parties collectively produced over 64,000 documents, of which approximately 61,000 were produced by Brightex and 3,000 were produced by L'Oreal. A deposition has been scheduled related to the sufficiency of L'Oreal's document production but to date, no depositions have been taken.

On May 12, 2025, L'Oreal filed an inter partes review petition ("IPR Petition") with the Patent & Trademark Office ("PTO") requesting that the PTO cancel the claims of the '595 Patent, which L'Oreal contends are invalid in light of prior art, including prior art that was not considered by the PTO during the original examination. Motion Ex. A (IPR Petition). L'Oreal has stipulated that "if IPR is instituted, [it] will not assert that any of the claims challenged in district court litigation are invalid on any ground that Petitioner raised or reasonably could have raised during this IPR." IPR Petition at p. 71.

## III. ANALYSIS

Courts consider three factors when evaluating whether to stay a case pending inter partes review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intel.,*

United States District Court
Northern District of California

*LLC v. Facebook, Inc*., No. 13-cv-04202, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). Here, all three factors support entry of a stay of this action pending the PTO's review of the '595 Patent.

First, no trial date has been set and discovery is at an early stage. Although some document production has occurred, fact discovery opened only four months ago and the fact discovery cut-off has not yet been set. No depositions have occurred and the only motion practice that has taken place (other than the instant motion) has been related to the '358 Patent. Claim construction has not yet been briefed. Therefore, the first factor favors entry of a stay. Brightex's reliance on *Haptic, Inc. v. Apple, Inc.*, 2024 WL 4859080 (N.D. Cal. 2024) and *Entangled Media, LLC v. Dropbox Inc*., No. 23-CV-03264-PCP, 2024 WL 1974554 (N.D. Cal. May 3, 2024) in support of a contrary conclusion, Opposition at 4-5, is misplaced.

In *Haptic*, the court found that the stage of the litigation weighed against a stay where at the time the stay motion was filed "the parties ha[d] exchanged infringement contentions, invalidity contentions, damages contentions, expert reports, several sets of interrogatories and requests for production and ha[d] produced over 555,000 pages." 2024 WL 4859080, at *2. In addition, the plaintiff's opening claim construction brief and the defendant's responsive claim construction brief had already been submitted. *Id.* Further, the court had set a trial date four months before the defendant had filed its motion for inter partes review. *Id.* at *3. The court observed that it had already decided a motion to dismiss and the parties had engaged in 11 months of discovery, as well as extensive negotiations in connection with the protective order. *Id.* While Brightex contends that the facts here are similar because the parties in this case also engaged in "extensive negotiations" related to the protective order, this argument is unpersuasive given that discovery has only recently begun, there has been no substantive motion practice with respect to the '595 Patent, no trial date has been set and claim construction has not yet been briefed, in contrast to the facts of *Haptic*.

Likewise, the facts of *Entangled Media* are also distinguishable. There, the court found that the stage of litigation weighed against a stay because at the time the defendant filed the stay motion, "the parties had spent over fourteen months engaged in discovery, including written discovery, the production of over 47,000 pages of documents, the issuance of subpoenas, and

extensive negotiation of a protective order." 732 F. Supp. 3d 1120, 1123 (N.D. Cal. 2024). Furthermore, the court had "already heard and issued a decision on [the defendant's] motion to dismiss" and "[a]pproximately one month before [the defendant] petitioned for inter partes review, the [c]ourt issued a scheduling order setting a trial date." *Id.* Significantly less progress has been made in this case as compared to *Entangled Media* and no trial date has been set. Therefore, that case also does not change the Court's conclusion.

Second, the '595 IPR is likely to narrow the case as it may render some or all of Brightex's infringement claims moot. Although Brightex contends this factor does not favor a stay because the PTO has not yet decided whether it will institute inter partes review, statistics maintained by the PTO indicate that there is a reasonable chance that it will decide to do so, and that its review will result in the invalidation of at least some claims. *See* https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2025_q2_roundup.pdf (reflecting that institution rate between 2021 and 2025 has climbed from 58% to 68% and that in a significant number of those cases, at least some claims were found invalid). Moreover, courts (including the undersigned) routinely enter stays when an IPR petition has been filed but review has not yet been instituted. *See, e.g., Apple Inc. v. AliveCor, Inc.*, No. 22-CV-07608-HSG, 2023 WL 9187388, at *2 (N.D. Cal. Dec. 29, 2023) (rejecting plaintiff's argument that this factor weighed against a stay because the IPR petition was weak on the merits and the PTO was likely to decline institution and observing that staying the case prior to the institution decision would not unduly delay the case as that decision would be made soon); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2018 WL 6972999, at *2 (acknowledging that "some judges within this district have denied motions to stay before the PTAB has instituted IPR review[,]" citing *International Test Solutions, Inc. v. Mipox Int'l Corp.*, No. 16-cv-00791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017), but finding that it was "not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.") (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) (internal quotation marks omitted)); *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. C-13-00616 JCS, U.S. District Court, N.D. Cal., dkt. no. 77 (granting motion to stay based on filing of IPR petition where PTO



United States District Court
Northern District of California

had not yet decided to institute review).

The Court also rejects Brightex's reliance on "recent changes at the PTO concerning discretionary denial of IPR proceedings" that may "increase dramatically" the rate of discretionary denials. Opposition at 6. Brightex has pointed to nothing specific about L'Oreal's IPR Petition that suggests that the changes are likely to affect the PTO's institution decision as to L'Oreal's IPR Petition. In any event, if the PTO does decline institution, the delay of this litigation is not likely to be significant and is outweighed by the potential benefit of avoiding unnecessary litigation.

Finally, the Court finds that entry of a stay will not result in undue prejudice to Brightex or result in any tactical disadvantage. In weighing the prejudice to the non-moving party, courts consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp. v. GSI Tech., Inc*., No. 12-cv-02013-JST, 2014 WL 5021100 at *3 (N.D. Cal. Oct. 7, 2014). The first two sub-factors do not point to any undue prejudice as the IPR Petition was filed within the one-year statutory limit set in 35 U.S.C. § 315(b) and L'Oreal brought the instant motion within one month of filing the IPR Petition. As to the status of the review proceedings, the Court rejects Brightex's argument that this factor supports a finding of undue prejudice because the PTO has not yet decided whether it will institute review. As discussed above, to the extent the PTO might decline institution, the delay caused by staying the case pending issuance of that decision is not likely to be significant.

Finally, the fourth sub-factor does not support a finding of undue prejudice because L'Oreal and Brightex are not competitors and Brightex seeks only money damages. *See Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S. Dist. LEXIS 178547, at *8 (N.D. Cal. Dec. 18, 2013) ("If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the status quo ante with monetary relief"). Although Brightex attempts to establish undue prejudice on the ground that L'Oreal acquired

Brightex's competitor, Modiface, in March 2018, thereby "cut[ting] [it] out of creating additional (infringing) digital services and websites for Defendant's brands[,]" Opposition at 7-8, that argument is unpersuasive because of Brightex's lengthy delay in bringing this case. In particular, the '595 Patent issued on January 10, 2017 but Brightex waited until November 2024 to bring this action. In light of that long delay, the Court concludes that Brightex will not be unduly prejudiced by a stay pending resolution of L'Oreal's IPR Petition.

**IV. CONCLUSION**

For the reasons stated above, the Motion is GRANTED. This action is stayed pending a decision by the PTO regarding institution of inter partes review. Should the PTO institute inter partes review, the stay shall extend through the date of issuance of a final written decision. The parties shall inform the Court promptly when the PTO decides whether to accept review and, if it does, when a final written decision is issued by the PTO. All dates currently set in this case are VACATED. A Status Conference is set for December 10, 2025 at 2:00 p.m. by Zoom webinar, id. 161 926 0804, password 050855. The parties shall file a joint status report by December 3, 2025.

**IT IS SO ORDERED.**

Dated: July 7, 2025

JOSEPH C. SPERO
United States Magistrate Judge